IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAMON SMITH,

                                                     OPINION AND ORDER

        Plaintiff,

                                                     20-cv-655-bbc

    v.

LARRY FUCHS, SCHAETZ, BETANCOURT,
R.N. VALARIUS, R.N. JOHNSON, R.N. PETERS,
R. BUBOLZ AND C. O'DONNELL,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff and prisoner Damon Smith has filed a civil action under 42 U.S.C. § 1983, against staff at Columbia Correctional Institution. He contends that staff violated his rights by giving him the wrong medication and then denying him adequate medical care afterward. Plaintiff's complaint is before the court for screening under 28 U.S.C. § 1915A. Because I conclude that plaintiff has failed to state any claim for relief against defendants, I will dismiss this case.

Plaintiff alleges the following facts in his complaint and the documents attached to it.

ALLEGATIONS OF FACT

Upon plaintiff Damon Smith's arrival at Columbia Correctional Institution in October 2017, defendant Nurse Johnson assessed plaintiff and noted that he was taking meloxicam, acetaminophen and aspirin with caffeine for headaches.

1

On May 13, 2020, defendant Schaetz, a correctional officer at Columbia, was passing out afternoon medications to inmates in their cells. When plaintiff approached the door of his cell for his medication, Schaetz reached into the cart to pull out a card, which he handed to plaintiff through the trap door. Plaintiff ingested the medication, which was supposed to be meloxicam. About 10 to 15 minutes later, plaintiff felt dizzy and thirsty so he got up to get some water. As he was walking back toward his bed to lie down, he fainted and hit his head on the desk in his cell. Plaintiff had a knot on his forehead.

Plaintiff's cell mate called for help, and defendant Betancourt, a correctional sergeant, arrived on scene and called a nurse. Defendants Nurse Peters and Johnson examined him and gave him ice for his forehead. Because plaintiff remembered that his meloxicam had run out the day before, Nurse Johnson checked with defendant Schaetz to see what medication he had given to plaintiff. Johnson learned that Schaetz had given Tylenol to plaintiff. Schaetz told plaintiff that he had given plaintiff the medication that belonged to a different inmate with plaintiff's same last name. (Plaintiff does not say how defendant Nurse Valarius was involved in the incident, but he alleges that she was informed of it.)

Plaintiff filed an inmate complaint regarding the incident on May 13, 2020. Defendant R. Bubolz, the institution complaint examiner, dismissed the complaint, and defendants Larry Fuchs (the warden) and C. O'Donnell (the department secretary) denied plaintiff's appeals.

OPINION

Plaintiff contends that defendants' actions violated his rights under the Eighth Amendment. To state a claim under the Eighth Amendment, plaintiff would need to allege facts showing that prison officials acted with "deliberate indifference" to a "substantial risk of serious harm" to his health or safety. Farmer v. Brennan, 511 U.S. 825, 832 (1994). "Deliberate indifference" means that the officials are aware that the prisoner faced a substantial risk of serious harm or "'excessive risk to [the prisoner's] health or safety,'" but disregard the risk by consciously failing to take reasonable measures to prevent it. Gevas v. McLaughlin, 798 F.3d 475, 480 (7th Cir. 2015) (quoting Farmer, 511 U.S. at 837); Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997). Deliberate indifference requires intentional or reckless disregard for a known danger. Arnett v. Webster, 658 F.3d 742, 751 (7th Cir. 2011).

To state a claim that defendants violated the Eighth Amendment by denying him adequate medical care, plaintiff must allege facts showing that: (1) he had a serious medical need; (2) defendants knew that plaintiff needed medical treatment; and (3) defendants consciously failed to take reasonable measures to provide the necessary treatment. Minix v. Canarecci, 597 F.3d 824, 831 (7th Cir. 2010); Forbes, 112 F.3d at 266.

Plaintiff's allegations do not suggest that any defendant consciously disregarded a substantial risk of serious harm or a serious medical need that required treatment. Plaintiff alleges that defendant Schaetz acted with deliberate indifference by distributing the wrong medication to him, that defendants Betancourt, Valarius, Johnson and Peters acted with

3

deliberate indifference by failing to insure that he received adequate medical treatment afterward and that defendants Bubolz, Fuchs and O'Donnell ruled against him after he complained about the incident. However, plaintiff's allegations suggest only that Schaetz made a mistake when he gave plaintiff the wrong medication, not that Schaetz acted deliberately. Schaetz's one-time mistake does not support a constitutional claim. Mistakes, inadvertent errors, negligence, gross negligence and even malpractice are not cruel and unusual punishment within the meaning of the Eighth Amendment. Vance v. Peters, 97 F.3d 987, 992 (7th Cir. 1996).

As for the remaining defendants, plaintiff alleges that they all knew about Schaetz giving him the wrong medication and should have done more to help him. However, as soon as defendant Betancourt responded to plaintiff's cell and learned that plaintiff had fainted, she called health services. The nurse defendants assessed plaintiff, gave him ice and figured out that plaintiff had been given Tylenol that was intended for a different inmate with the same last name as plaintiff. Although the nurses did not provide plaintiff any other treatment for the lump on his forehead, plaintiff's allegations do not suggest that the lump and his one-time ingestion of Tylenol—which plaintiff had been given in the past—presented a substantial risk of serious harm to his health or safety.

Plaintiff's allegations also do not suggest that defendants Bubolz, Fuchs and O'Donnell were personally involved in depriving plaintiff of his constitutional rights. Wilson v. Warren County, Ill., 830 F.3d 464, 469 (7th Cir. 2016) (§ 1983 requires plaintiff to allege that each defendant was personally involved in constitutional deprivation). A

prison official who rules against a prisoner on his inmate grievance regarding "a completed act of misconduct" is not personally involved in depriving the inmate of his constitutional rights. George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007. Accordingly, I conclude that plaintiff's allegations do not state any federal claim against any defendant.

ORDER

IT IS ORDERED that this case is DISMISSED for plaintiff Damon Smith's failure to state a claim upon which relief may be granted. A strike shall be recorded in accordance with 28 U.S.C. § 1915(g). The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 7th day of July, 2021.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge